WESTERN DIS
·October, 1833.

ROW
vs.
RICHARDSON,
ET AL.

## ROW vs. RICHARDSON ET AL.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

In an action on an obligation to deliver a certain quantity of cotton, where the plaintiff in an amended petition, alleged a promise made after the obligation had fallen due, to pay the amount in money; held proof of putting the defendant in morâ is unnecessary, and that plaintiff was entitled to recover on proof of the subsequent promise as alleged.

The plaintiff sues William Richardson, Levi Guice, and John M'Cormick, on a joint and several obligation to pay three hundred dollars in all the month of January next ensuing the date, payable in merchantable cotton at the market price, to be delivered in the town of Monroe. He alleges an amicable demand of the obligors, and refusal to comply with their obligation; wherefore he prays judgment for the sum of three hundred dollars with interest and costs.

The defendants pleaded a general denial. On the trial Richardson and M'Cormick separated. There was a verdict and judgment against the first for the amount of the obligations and in favor of M'Cormick.

The plaintiff moved for a new trial, which was overruled.
Richardson appealed.

The obligation was made by Richardson as principal, and
signed by Guice and M'Cormick as sureties, and staked on
a horse race and won by the plaintiff.

The evidence showed that it was agreed among the
parties, that another person was to have signed as surety,
but who declined after Guice and M'Cormick signed.

There was no evidence that the cotton was ever demanded,
but it was in proof that M'Cormick, when pressed for pay-
ment, observed that he knew he was bound for the whole
of the note, and expressed his willingness to pay his portion
of it.    On the trial the defendants introduced Guice, who
had been released by a former verdict, to prove the want of
consideration, and that the note was incomplete for wan-
of all the signatures that were agreed on.    The plaintiff
excepted to the opinion of the court admitting this witness.

MARTIN, J., delivered the opinion of the court.

This case was before us in the appeal of the plaintiff last
year, who complained that judgment had not been given
against Richardson, Sureties, & Co. defendants.    Richard-
son now seeks the reversal of the judgment against him.

The suit was brought on an obligation to deliver a quan-
tity of cotton, but the plaintiff in an amended petition
alledged, that Richardson, after the cotton had become due,    In an action on
an obligation to
had promised to pay the debt in money.    On the plea of the    deliver a certain
quantity of cotton
general issue the plaintiff had a verdict and judgment.    wherethe plaintiff
in an amended
In this court the defendant's counsel has contended that    petition alleges
a promise made
the plaintiff must fail here, because he failed to put the defen-    after the obliga-
tion had fallen
dant en demeure by a legal demand; but the amended petition    due to pay the a-
mount in money;
charges a promise to pay money, and this promise is proven,    held proof of put-
ting the defen-
as well as the execution of the obligation.    dant in mora, is
unnecessary, and
that plaintiff was
entitled to reco-
ver on proof of
It is therefore ordered, adjudged, and decreed, that the    the subsequent
promise as al-
judgment of the District Court be affirmed with costs.    leged.